IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02441-ZLW

ANDRE J. TWITTY,

    Applicant,

v.

RONNIE WILEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 5 2008

GREGORY C. LANGHAM
                  CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

This matter is before the Court on the motion titled "Motion to Correct the 2 April 2008 Order for the Abuse of Discretion, 'Judgment Void' Rule 60(b)(4) Miscarriage of Justice, Brief in Support" submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on April 16, 2008. Mr. Twitty seeks reconsideration of the order of dismissal and judgment filed on March 3, 2008, denying his amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994).

Mr. Twitty is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. On April 2, 2008, the Court denied his liberally construed motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court must construe liberally the April 16, 2008, motion because Mr. Twitty is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-

21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Twitty's April 16, 2008, motion to reconsider, which was filed more than ten days after the Court's Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court denied the amended habeas corpus application and dismissed the action because Mr. Twitty has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in the United States District Court for the Northern District of Georgia. The reasons for the dismissal are explained in greater detail in the March 3, 2008, dismissal order. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Twitty fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Correct the 2 April 2008 Order for the Abuse of Discretion, 'Judgment Void' Rule 60(b)(4) Miscarriage of Justice, Brief in Support" submitted *pro se* by Applicant, Andre J. Twitty, and filed with the Court on April 16, 2008, and which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 24 day of April, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02441-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/25/08

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk